## Albert Haentze et al., Appellees, v. Rose Swain Brown et al., Appellants.

### Gen. No. 5,798.    (Not to be reported in full.)

Appeal from the Circuit Court of DuPage county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915.

## Statement of the Case.

Bill in chancery filed by Albert Haentze and others against Rose Swain Brown and others, for an accounting and to foreclose a mechanic's lien for labor and materials furnished in the construction of a dwelling house for the defendants under a written contract requiring its completion by a certain day, "weather and other conditions permitting." A decree for seven hundred dollars was entered for the complainants and the defendants appeal.

Before the hearing, the complainants were permitted to amend their bill of complaint by including items which by mistake or inadvertence were omitted from the original bill.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The defendants claimed that the building was not completed by the complainants; that it was not constructed according to the plans and specifications as required by the contract; that the work was done in an unskilful and unworkmanlike manner, and that defective materials were used; that the defendants were entitled to certain credits; and that they were also entitled to liquidated damages under the terms of the contract, for the failure of the complainants to complete the house within the time specified by the contract.

The evidence tended to show that the building was built in substantial compliance with the contract and specifications, although there were some defects and deficiencies in material and workmanship which were not of such substantial character as to affect the general character of the work, and that important changes and additions to the plans were made at the request of the defendants; that some delay was caused by weather conditions and by the making of such alterations and additions; that the defendants took possession of the house after the date fixed for its completion; that they thereafter urged the complainants to finish it, and that the latter then expended money and furnished materials to do so, and that the defendants accepted the benefit thereof; and that they afterwards practically agreed with the complainants as to the balance due them, and also made a payment on the account.

Philip S. Brown, for appellants; Alfred Barstow, of counsel.

S. L. Rathje, for appellees.

Mr. Justice Niehaus delivered the opinion of the court.

Haentze v. Brown, 193 Ill. App. 288.

## Abstract of the Decision.

1. MECHANICS' LIENS, § 191*—*when items omitted from bill of complaint may bc brought in by amendment.* A bill of complaint filed by a contractor for an accounting and to foreclose a mechanic's lien for the construction of and for materials furnished for a building, may be amended, without a showing to the court either at the time of amendment or at the hearing, so as to include items omitted from the bill.

2. BUILDING AND CONSTRUCTION CONTRACTS,. § 25*—*when contractor may recover on substantial performance.* A contractor may recover for the construction of a building where he has substantially performed the contract, although there may be some defects in workmanship and materials, and deviations from the strict letter of the specifications in details of construction.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 85*—*when failure to comply with specifications ground for recoupment.* Damages sustained by the failure of a contractor to construct a building in strict accordance with the plans and specifications, or from the use of defective materials, may be recouped by a property owner in an action by the former to recover the balance due him.

4. BUILDING AND CONSTRUCTION CONTRACTS, § 49*—*when contractor's liability for liquidated damages deemed waived.* A property owner's right to recover liquidated damages for a contractor's failure to complete a building within the stipulated time, *held* waived, under a contract providing that the structure should be ready for occupancy by a certain day, "weather and other conditions permitting," where the delay was caused by bad weather, and changes and additions made at the request of the owner; and the latter took possession of the building after the expiration of the time fixed for completion, and thereafter the contractor, at the owner's request, furnished money and materials for its completion, whereupon the parties met and substantially agreed on the balance due the contractor.

CARNES, P. J., took no part in this decision.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.